UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AARON MULVEY,<br>Plaintiff,<br><br>v.<br><br>I.C. SYSTEM, INC.<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ Civil Case No.: _____<br>§<br>§<br>§<br>§ |

**Plaintiff's Original Complaint**

INTRODUCTION

1. This action arises out of Defendant I.C. SYSTEM, INC.'S. ("IC") ("Defendant") practice of wrong number making autodialed debt collection phone calls. Defendant's actions violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Plaintiff Aaron Mulvey is one such recipient of Defendant's phone calls. Defendant has made numerous phone calls to Plaintiff's cellular telephone number.

3. Furthermore, Plaintiff Aaron Mulvey did not provide his consent to receive any of the messages.

4. All of these phone calls were made using an automatic telephone dialing system, and none of them were sent for an emergency purpose.

6. The Plaintiff in this case is Aaron Mulvey who resides at 1327 Bar Harbor Dr., Dallas, TX 75232.

7. I.C. System, Inc. may be served with process through its registered agent C.T. Corporation System at 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

## Jurisdiction

8. Jurisdiction of this court arises as the acts happened in this district.

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

10. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business within this District, because the wrongful conduct is believed to have emanated from this District.

## FACTUAL ALLEGATIONS

12. For quite some time, the defendant has been placing and connecting various debt collection phone calls to the plaintiff and asking to speak to Carolyn Wagers or Robert Wagers. Each of the calls made are for a debt collection purposes. The plaintiff has logged the below phone calls. Many of the phone calls either show a false number or a restricted phone number which . The Plaintiff received the following calls on the specified dates:

| Date | Incoming Number | Amount of Calls |
|---|---|---|
| 1/20/2020 | 214-282-5215 | 1 |
| 1/16/2020 | 214-282-5215 | 2 |
| 1/15/2020 | 214-282-5215 | 1 |
| 1/11/2020 | 214-282-5215 | 1 |
| 11/7/2018 | 214-282-5215 | 1 |
| 11/1/2018 | 214-282-5215 | 1 |
| 10/29/2018 | 214-282-5215 | 2 |
| 10/26/2018 | 214-282-5215 | 1 |
| 10/24/2018 | 214-282-5215 | 3 |
| 10/23/2018 | 214-282-5215 | 2 |

13. The calls commenced with a quick pause a few clicking noises (which indicate an automated telephone dialing system was being used). A few seconds later the plaintiff was connected to a live agent who asked to speak to a Carolyn Wagers or a Robert Wagers.

14. When the calls connected to an agent, the Plaintiff was told that he was called by I.C. System, Inc.. In every call, the Plaintiff noticed a 5-6 second delay between answering the phone and the call connecting with a live person, which is characteristic of automated telephone dialing systems..

15. This is just one of many harassing debt collection calls the Plaintiff has received, and the Plaintiff has not been able to ascertain where this erroneous information is coming from, and as Defendant is just content to knowingly call what could be wrong numbers, the Plaintiff was therefore subjected to multiple harassing phone calls.

16. The Defendant also used an automated telephone dialing system to call the Plaintiff's cell phone in violation of the TCPA, 47 USC 227(b) and 47 USC

227(c)(5) as codified under 47 CFR 64.1200(b).

17. The calls violated 47 USC 227(b) as the calls were automated and placed to the Plaintiff's cell phone without the Plaintiff's consent and without an emergency purpose.

18. The calls violated 47 CFR 64.1200(b) as the artificial or pre-recorded message failed to state at the beginning of the message the identity of the business, individual, or entity that is responsible for initiating the call. In fact, no name was given for the entity placing the call and even the agents only stated who they were calling from after the Plaintiff asked repeatedly.

19. These calls were knowingly and willfully placed and the Defendants had or should have ascertained they were calling the wrong person.

**Actual Damages**

20. Plaintiff has suffered actual injury as a result of Defendant's telephone calls, including, but not limited to:

• Data usage;

• Plan usage; and

• Lost time tending to and responding to the unsolicited phone calls

**CAUSES OF ACTION**

**Violations of the TCPA, 47 U.S.C. § 227(c) and 47 CFR § 64.120**

51. The foregoing actions by the Defendant constitutes multiple breaches of the TCPA by placing automated calls without the Plaintiff's consent to the Plaintiff's Cell phone and by placing multiple harassing and illegal calls to the Plaintiff.

52. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

53. Defendant placed numerous telephone solicitations to Plaintiff.

54. These telephone calls were made in the absence of express consent or any other written agreement permitting these calls.

55. Many of these calls messages occurred after Plaintiff after the asked Defendant to stop calling.

57. Plaintiff does not have a business relationship with Defendant.

58. Plaintiff is entitled to an award of $1,500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5) as the calls can be found to have been made intentionally.

59. Plaintiff is also entitled to an additional award of $1,500 per telephone call as the calls were made for the purposes of debt collection purposes.

**PRAYER**

**WHEREFORE**, Plaintiff Aaron Mulvey, requests the following relief:

A. An order preventing the Defendant from making phone calls without first showing this court that it has the ability to prevent and does prevent making unwanted future phone calls once a recipient of the call has confirmed that the defendant has reached the wrong number;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227;

C. An order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages; and

F. Such other and further relief that the Court deems reasonable and just.

**Dated:** March 31, 2021

                                                  */s/ Aaron K. Mulvey*

                                                  Aaron K. Mulvey
                                                  **The Law Offices of Aaron K. Mulvey, PLLC**
                                                  1327 Bar Harbor Dr.
                                                  Dallas, TX 75232
                                                  Tel: 214-282-5215
                                                  Aaron@MulveyLaw.com